IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALMAH RAMADAN, ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | No. 2-23-cv-338 |
| v. ) | |
| ) | |
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Specialty Insurance Company ("Progressive"), by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas of Allegheny County on January 31, 2023. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On February 3, 2023, co-counsel for Progressive, Jeffrey Ramaley, Esq., filed a Praecipe for Appearance on behalf of Progressive. A true and correct copy of the Praecipe for Appearance is attached hereto as Exhibit B.

3. On February 7, 2023, Plaintiff filed an Acceptance of Service. A true and correct copy of the Acceptance of Service is attached hereto as Exhibit C.

4.  On February 14, 2023, Plaintiff filed a Notice of Service of Plaintiff's first set of interrogatories and requests for production of documents directed to Defendant. A true and correct copy of the Notice of Service is attached hereto as Exhibit D.

5.  Upon information and belief, Exhibits A, B, C, and D constitute all of the pleadings, processes, and orders which were filed in connection with the state court action.

6.  Plaintiff is an adult individual residing in Allegheny County, Pennsylvania.

7.  Both at the time Plaintiff initiated this action and at the time of this removal, Plaintiff was and is a citizen of Pennsylvania.

8.  Progressive Specialty Insurance Company is not incorporated in Pennsylvania, nor does Progressive Specialty Insurance Company have its principal place of business in Pennsylvania.

9.  Rather, Progressive Specialty Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

10. Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive Specialty Insurance Company was and is a citizen of Ohio.

11. Plaintiff alleges that she is entitled to underinsured motorist benefits pursuant to a Progressive automobile insurance policy that provided a total of $100,000 in underinsured motorist coverage, subject to all of the terms and conditions of the policy.

12. Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371 and seeks punitive damages, interest on the claim, and attorney's fees.

13. The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

14. In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

15. Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

16. Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

17. In Hatchigan, the plaintiff demanded $13,500 plus punitive damages. The Court noted that a punitive damages multiplier of four times the compensatory damages would exceed $75,000, and therefore held that the amount in controversy exceeded $75,000 and that the amount in controversy requirement of diversity jurisdiction was satisfied. See 2013 WL 3479436, at *2.

18. Similarly, in Harvey, the Court held that it had jurisdiction over a matter in which plaintiff alleged $14,000 in compensatory damages plus punitive damages. See 2008 WL 2805608, at *2.

19. As Plaintiff alleges that she is entitled to underinsured motorist benefits pursuant to an insurance policy that provides a total of $100,000 in underinsured motorist coverage, as well

as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

20. Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. § 1332.

21. Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

22. Progressive submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant removes this civil action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By: /s/ Daniel J. Twilla
Daniel J. Twilla (PA I.D. 93797)
E-mail: djtwilla@burnswhite.com
Daniel W. Inadomi (PA I.D. 312984)
E-mail:  dwinadomi@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on March 1, 2023, the within **NOTICE OF REMOVAL** was filed electronically and served on all counsel via electronic mail:

amanson-webb@edgarsnyder.com
Amber L. Manson-Webb, Esq.
btrust@edgarsnyder.com
Brad D. Trust, Esq.
Edgar Snyder & Associates, LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219

/s/ Daniel J. Twilla
Daniel J. Twilla